Filing # 131182137 E-Filed 07/22/2021 10:09:29 AM

IN THE CIRCUIT COURT OF THE
4TH JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

Julie Wun-Li Chen,

    Plaintiffs,

vs.      Case No.

The CJS Solutions Group, LLC d/b/a as
The HCI Group,

a Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Julie Wun-Li Chen ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, The CJS Solutions Group, LLC d/b/a The HCI Group (hereinafter "The HCI Group" or "Defendant"), and alleges as follows:

1. This is an action for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful gender-based discriminatory treatment of and retaliation against Plaintiff and an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. At all times material hereto, Plaintiff was a resident of the State of Florida.

3. Defendant, The HCI Group, is authorized to conduct business in the State of Florida, and has its principal place of business in Duval County, Florida within the jurisdiction of this Honorable Court.

4. Venue is proper because all of the actions that form the basis of this Complaint occurred within this district.

5. At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

7. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the jurisdiction of this Court.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff is a female and within a class of individuals protected by Title VII and the FCRA.

10. Plaintiff commenced employment with Defendants on or about July 2018.

11. Since Plaintiff's first day of employment, Mr. Anthony Binge, HCI Group's Vice-President of Business Development subjected Plaintiff to inappropriate comments such as that she "looked good", inappropriate text messages and suggestive conversations. This unlawful conduct culminated in an incident of unwanted physical and sexual contact.

12. Upon learning of the sexual harassment by Mr. Binge, Defendant moved Plaintiff to another department and under the supervision of another employee of a different gender.

13. Defendant then induced Plaintiff to move to another position with the company in New York. Upon making the transition to New York, Defendant terminated Plaintiff's employment.

14. On or about August 9th, 2019 Defendant terminated Plaintiff as a result of her reporting the sexual harassment.

15. Plaintiff's termination was in retaliation for engaging in the protected activity of objecting to Defendant's unlawful harassment.

16. During Plaintiff's employment with Defendant, Defendant had Plaintiff work long hours in a salary plus commission position. Plaintiff worked alongside employees that were paid hourly.

17. Plaintiff's work hours included working days in which she worked from 4:00 a.m. to 8:00 p.m. and far in excess of 40 hours a week.

18. Despite working with employee who were paid hourly, Plaintiff was not paid hourly, but worked with employee who performed the same tasks that were paid hourly.

19. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

20. At all times material hereto, Defendant, was conducting business in Duval County, Florida.

21. At all times material hereto, Defendant was the employer of Plaintiff.

22. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, her lawfully earned wages in conformance with the FLSA.

23. Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

24. At all times material hereto, corporate Defendant, was an "enterprise engaged in commerce" within the meaning of the FLSA.

25. At all times material hereto, the work performed by Plaintiff, was directly essential to the

business performed by Defendant.

26. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

27. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Florida Commission on Human Relations (EEOC Charge No. 510-2020-04117)(See Exhibit A).

28. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff shas thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Retaliation in Violation of the FCRA*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

30. Plaintiff is a member of a protected class under the FCRA.

31. By the conduct described above, Defendants retaliated against Plaintiff for exercising rights protected under the FCRA.

32. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

33. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

34. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued

discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

35. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

   a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of Title VII*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

38. Plaintiff is a member of a protected class under Title VII.

39. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under Title VII.

40. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

41. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

42. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

43. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

44. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

    a. Adjudge and decree that Defendants have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Violation of FLSA

45. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

46. During Plaintiff's employment with the Defendant, Plaintiff worked hours in excess of the maximum hours provided for in the FLSA.

47. Plaintiff worked with employees that were paid hourly, performed the same functions and tasks as the hourly employees but Plaintiff was not paid overtime for hours worked in excess of 40.

48. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half for all of her hours. Plaintiff was entitled to be paid at the rate of time and one-half for all of her hours worked in excess of the maximum hours provided for in the FLSA.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for all the hours she worked in excess of forty (40) hours per week when they knew or should have known such was due.

50. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

52. Due to the willful and unlawful actions of the Defendants, Plaintiff, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

53. Plaintiff, is entitled to an award of her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, Respectfully requests that judgment be entered in her favor against the Defendants:

    a.    Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

    b.    Awarding Plaintiff overtime compensation in the amount calculated;

    c.    Awarding Plaintiff liquidated damages in the amount calculated;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of this

litigation pursuant to 29 U.S.C. § 216(b);

  e.  Awarding Plaintiff post-judgment interest; and

  f.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 7/22/2021

                                      Respectfully submitted,

                                      */s/ Theron Simmons*
                                      **Theron Simmons, PLLC**
                                      FL BAR#623385
                                      101 N.E. 3rd Ave, Ste 1500
                                      Fort Lauderdale, FL 33301
                                      954-332-3706
                                      theronsimmons@law-bsa.com
                                      Attorney for Plaintiff