UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIE WUN-LI CHEN,

    Plaintiff,

v.                                        Case No.  3:21-cv-906-MCR

THE CJS SOLUTIONS GROUP, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Joint Motion to Approve FLSA Settlement and Dismiss Count III of Plaintiff's Complaint with Prejudice ("Joint Motion") (Doc. 22). For the reasons stated herein, the Joint Motion will be **TAKEN UNDER ADVISEMENT** pending the parties' compliance with this Order no later than **March 15, 2023.**

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the Fair Labor Standards Act ("FLSA") may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

Here, the parties have provided the Court with their proposed settlement agreement, which the undersigned has reviewed.  However, the Court notes some deficiencies with the proposed agreement and the Joint Motion.  First, Plaintiff's counsel's billing records have not been provided.  Although the Court need not conduct an in-depth analysis of the reasonableness of the fee, the Court still needs an adequate basis to determine the reasonableness of the fees and costs.  To that end, the Court needs to review Plaintiff's counsel's contemporaneous time records, reflecting each billing time keeper, the billing rate of each time keeper, and the amount of time billed, and any costs.  Therefore, these records should be provided in a separate filing.

Additionally, the Court notes that the settlement agreement contains a confidentiality clause, whereby Plaintiff is forbidden, with a few narrow exceptions, from discussing the existence of the agreement with anyone.  (Doc. 22-1 at 3.)  Courts within this jurisdiction routinely reject such confidentiality clauses contained in FLSA settlement agreements because they thwart Congress's intent to ensure widespread compliance with the FLSA and attempt to limit Plaintiff's rights under the First Amendment. *See, e.g., Pariente v. CLC Resorts and Developments, Inc.*, Case No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756 at *5 (M.D. Fla. Oct. 24, 2014) (internal

quotations omitted and citing authorities); *DeGraff v. SMA Behavioral Health Serv's, Inc.*, 945 F. Supp.2d 1324, 1330 (M.D. Fla. 2013) (finding confidentiality and nondisparaging clauses in FLSA settlement agreement to be inappropriate because they "contravene FLSA policy and attempt to limit Plaintiff's rights under the First Amendment").  Additionally, confidentiality clauses have been rejected because they are inherently unenforceable due to the public filing of such agreements.  *See, e.g.*, *Housen v. Econosweep & Maintenance Serv's, Inc.*, Case No., 2013 WL 2455958 at *2 (M.D. Fla. June 6, 2013) (recognizing that confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority).  As such, the Court cannot approve the settlement agreement while it includes a confidentiality clause.

Further, the Joint Motion requests that this Court retain jurisdiction to enforce the settlement agreement.  (Doc. 22 at 4.)  However, courts in the Middle District of Florida do not typically retain jurisdiction to enforce the terms of FLSA settlement agreements without a compelling reason provided by the parties to do so.  *See, e.g.*, *Maldonado v. Golden Saj, LLC*, No. 6:18-cv-2095-Orl-28DCI, 2019 WL 2552301, at *3 (M.D. Fla. June 14, 2019) (denying request to retain jurisdiction due to the absence of any compelling reason to retain jurisdiction), *report and recommendation adopted*, 2019 WL 2550386

3

(M.D. Fla. June 20, 2019); *Smither v. Dolphin Pools of SW Fla., Inc.*, No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011) (denying request to retain jurisdiction to enforce terms of FLSA settlement agreement due to parties' failure to present argument in support retaining jurisdiction), *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011).

Lastly, the Joint Motion indicates that the parties seek dismissal with prejudice of Plaintiff's FLSA claim. (Doc. 22 at 1.) However, in light of the parties' consent to jurisdiction by a United States Magistrate Judge (*see* Docs. 23 & 24), the Court finds it necessary for the parties to advise the Court of the status of the remaining claims in Plaintiff's Complaint.

Accordingly, it is **ORDERED**:

1. Joint Motion (**Doc. 22**) is **TAKEN UNDER ADVISEMENT**. **On or before March 15, 2023**, the parties shall supplement the Joint Motion with Plaintiff's counsel's billing records; with a revised settlement agreement that does not include a confidentiality clause; and with a compelling argument for this Court to retain jurisdiction to enforce the terms of the settlement agreement.

2. By the same deadline, the parties shall file a notice advising the Court of the status of the remaining counts in the Complaint.

**DONE AND ORDERED** at Jacksonville, Florida on March 8, 2023.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record