UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JULIE WUN-LI CHEN,

    Plaintiff,

v.                                                                    CASE NO. 3:21-cv-906-MCR

THE CJS SOLUTIONS GROUP, LLC,

    Defendant.
_____/

# ORDER[1]

**THIS CAUSE** is before the Court on the Joint Motion to Approve FLSA Settlement Agreement and Dismiss Count III of Plaintiff's Complaint with Prejudice ("Motion") (Doc. 22), and the Joint Notice of Compliance with March 8, 2023 Order ("Notice") (Doc. 28). The Court has reviewed the filings in this case and finds that there is no need for a hearing. For the reasons discussed herein, the Motion is **GRANTED in part and DENIED in part to the extent stated herein**, the Revised Settlement Agreement is **APPROVED**, and Count III of Plaintiff's Complaint is **DISMISSED with prejudice**.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 24 & 25.)

## I. Background

Count III of Plaintiff's Complaint alleges a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and seeks to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs for Defendant's alleged failure to compensate Plaintiff for overtime hours worked during her employment with Defendant from July 2018 until August 9, 2019. (Doc. 1.)  On October 7, 2021, Defendant filed an Amended Answer and Affirmative Defenses denying liability. (Doc. 9.)  On December 5, 2022, the parties filed the present Motion (Doc. 22), seeking Court approval of their Settlement Agreement and dismissal of the FLSA claim with prejudice. On March 8, 2023, the Court entered an Order taking the Motion under advisement and directed the parties to provide: (1) Plaintiff's counsel's contemporaneous billing records; (2) a revised settlement agreement; (3) a compelling argument for this Court to retain jurisdiction to enforce the terms of the settlement; and (4) a notice advising the Court of the status of the remaining counts. (Doc. 27.)  The parties complied with the Court's March 8, 2023 Order in a timely manner. (Doc. 28.)  Thus, the Court discusses the applicable standard and ruling in turn below.

## II. Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement

3

agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).

In *Bonetti v. Embarq Management Company*, the district court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other courts in this district have indicated that when attorney's fees are negotiated separately from the payment to plaintiff(s), "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007); *McGinnis v. Taylor Morrison, Inc.*, 3:09-cv-1204-J-32MCR (M.D. Fla. Jan. 23, 2010).

### III. Analysis

4

The Revised Settlement Agreement attached to the Notice provides that Plaintiff will receive $2,500.00 for overtime wages and $2,500.00 for liquidated damages, and that Plaintiff's counsel will receive $2,000.00 for attorney's fees and costs. (Doc. 28-2.) While Plaintiff asserts that she was owed "approximately $8,600 (unliquidated) in overtime for the weeks she spent on [a] special project," the parties represent that the claims are disputed as to Plaintiff's entitlement to overtime compensation and the amount thereof, and that the Settlement Agreement constitutes a fair and reasonable compromise of the disputed claims. (Doc. 22 at 3.)

The undersigned has reviewed the Revised Settlement Agreement and finds that it represents "a fair and reasonable resolution of a bona fide dispute" over the FLSA overtime provision. *Lynn's Food*, 679 F.2d at 1355. Plaintiff's recovery appears reasonable given the disputes in this case. Moreover, Plaintiff is represented by counsel. Thus, the undersigned finds that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 1354.

Further, the parties represent that the attorney's fees and costs were negotiated separately from Plaintiff's recovery and the amount sought is reasonable. (Doc. 22 at 3.) Regarding fees and costs, the ultimate issues pursuant to *Silva*, are "both that counsel is compensated adequately and that

5

no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351.  Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of attorney's fees and costs to be paid to counsel.

The undersigned has already concluded that the settlement appears reasonable.  In addition, there is no reason to believe that Plaintiff's recovery was affected by the agreed-upon attorney's fees and costs.  Thus, no conflict of interest taints the amount to be recovered by Plaintiff.  Further, it appears that counsel is being adequately compensated.  Thus, both aspects of the *Silva* attorney fee inquiry are satisfied.

Lastly, the parties request that this Court retain jurisdiction to enforce the terms of the Settlement Agreement.  (Doc. 28 at 2.)  Courts in this District routinely deny requests to retain jurisdiction to enforce the terms of an FLSA settlement. *See, e.g., Correa v. Goldblatt*, 2011 WL 4596224, at *3, (M.D. Fla. Sept. 9, 2011) (denying request to retain jurisdiction to enforce terms of FLSA settlement agreement due to the absence of any compelling reason to retain jurisdiction), *report and recommendation adopted*, 2011 WL 4704196, (M.D. Fla. Oct. 4, 2011).  Here, the parties assert that this Court should retain jurisdiction in order to "avoid the potential duplication of court

filings, in the event enforcement became necessary." (Doc. 28 at 2.) The Court does not find this to be a compelling enough argument to retain jurisdiction. As such, to the extent the Motion requests retention of jurisdiction, the Motion is denied in part.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 22**) is **GRANTED in part and DENIED in part to the extent stated herein**.

2. The Settlement Agreement (**Doc. 28-2**) is **APPROVED**.

3. Plaintiff's FLSA claim (count III) is **DISMISSED WITH PREJUDICE**.

**DONE AND ORDERED** at Jacksonville, Florida, on March 23, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record